UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PELLA CORPORATION ARCHITECT AND
DESIGNER SERIES WINDOWS MARKETING,
SALES PRACTICES AND PRODUCTS
LIABILITY LITIGATION                                    MDL No. 2514

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in an action (*Singh*) pending in the Northern District of Illinois moves to centralize this litigation in that district. The litigation consists of the six actions listed on Schedule A.[1]

Responding plaintiffs in the Northern District of New York, District of Oregon, and District of Nevada actions responded in support of the motion, as did plaintiff in the Eastern District of Missouri potential tag-along action. The Northern District of New York and Eastern District of Missouri plaintiffs suggest the Eastern District of Louisiana as an alternative choice for transferee district, while the District of Nevada and District of Oregon plaintiffs suggest the District of Nevada. Common defendant Pella Corporation (Pella), however, strongly opposes centralization. If the Panel orders centralization over its objections, then Pella favors selection of the Eastern District of Louisiana as transferee district.

The six actions share factual issues arising from common allegations that Pella's Architect Series and/or Designer Series aluminum clad windows are defective in that they permit water to enter behind the windows, resulting in premature wood rot and deterioration and causing damage to both the windows and other property, such as drywall, window frames, and floor coverings. More specifically, plaintiffs allege that the windows all suffer from a defect in the design of the sill extrusion and sill nailing fin attachment as well as a defect in the design of allowing a gap between the jamb gasket and the sill gasket.

In opposing centralization, Pella vigorously argues that the actions involve quite different window products, that the windows have multiple different designs and compositions and are manufactured in different plants with different processes and equipment, that each plaintiff's home sustained different damages, and that the windows have very low failure rates, as measured by number of warranty claims received by Pella. The moving *Singh* plaintiff, on the other hand, points to a report from an engineer who

---

[*]  Judge Paul J. Barbadoro and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1]  The Panel has been informed of four related federal actions, pending in the Northern District of Alabama, the District of Minnesota, the Eastern District of Missouri, and the Western District of Washington. Those actions and any other related federal actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

inspected certain Architect Series and Designer Series windows in putative class members' homes in three states, and who asserts, in an affidavit, that he found the windows suffered from three common defects permitting water leakage. In our view, these arguments go more to the merits of plaintiffs' claims themselves, than to Section 1407's requirement that the subject actions involve a common question of fact. On the record before us, we cannot properly assess, for example, whether the fact that an Architect Series window is a casement window rather than a double hung or transom window makes a difference with respect to the common defect alleged. *See In re: Maxim Integrated Prods., Inc., Patent Litig.*, 867 F. Supp. 2d 1333, 1335 (J.P.M.L. 2012) ("As the Panel held long ago, '[t]he framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations.'") (quoting *In re: Kauffman Mutual Fund Actions*, 337 F. Supp. 1337, 1339–40 (J.P.M.L.1972)).[2]

We conclude that the Section 1407 requirement of common factual questions is satisfied because the subject actions all plainly allege that the subject windows – whether Architect Series or Designer Series, casement, double hung, single hung, or transom, etc. – are defective in the same ways. Indeed, we note that Pella's arguments echo, to a significant extent, those that we rejected in our April 2012 decision centralizing MDL No. 2333, In re: MI Windows and Doors, Inc. Products Liability Litigation. *See In re: MI Windows & Doors, Inc., Prods. Liab. Litig.*, 857 F. Supp. 2d 1374, 1375 (J.P.M.L. 2012) ("In opposing centralization, defendant argues inter alia that (1) the actions involve different models of windows that were manufactured at different times and are covered by different warranties; (2) plaintiffs' alleged injuries vary; (3) there are a small enough number of actions pending that informal coordination among counsel is feasible; and (4) all the pending actions should fail a Rule 12 motion to dismiss."). We stated: "Although the actions may involve different models of windows, we have often found centralization appropriate in products liability actions involving similar products manufactured by the same defendant where a common defect was alleged . . . ." *Id*.

Pella also argues that all but one of the six constituent actions are brought on behalf of non-overlapping statewide classes, and that thus there is minimal risk of conflicting class certification rulings. Both the *Singh* action and two of the potential tag-along actions, however, are brought on behalf of putative nationwide classes. Moreover, as we previously have observed, "[m]any MDLs . . . encompass non-overlapping classes." *In re: North Sea Brent Crude Oil Futures Litig.*, — F. Supp. 2d —, 2013 WL 5701579, at *1 (J.P.M.L. Oct. 21, 2013).

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of South Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. As mentioned above, all actions share factual issues arising from common allegations that Pella's Architect Series and/or Designer Series aluminum clad windows are defective in that they permit water to enter behind the windows, resulting in premature wood rot and deterioration and causing damage to both

---

[2] *See also In re: Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*, 896 F.Supp.2d 1339, 1340 (J.P.M.L. 2012) ("We are typically hesitant to wade into a given litigation's merits, as Biomet invites by citing statistics and studies of the reliability of the M2a Magnum system.").

- 3 -

the windows and other property. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (in particular with respect to class certification and *Daubert* issues), and conserve the resources of the parties, their counsel and the judiciary.

After weighing all factors, we have selected the District of South Carolina as transferee district for this litigation. Although no constituent action currently is pending in that district, that is no impediment to its selection as transferee district. *See, e.g., In re: Nutramax Cosamin Mktg. & Sales Practices Litig.*, — F. Supp. 2d —, 2013 WL 6825613, at *1 n.2 (J.P.M.L. Dec. 17, 2013). This litigation is nationwide in scope, and thus almost any district would be an appropriate forum. Selecting the District of South Carolina, however, enables us to assign the litigation to the Honorable David C. Norton, who has been handling the aforementioned MDL No. 2333, which, similar to this docket, involves allegations involving defects in various different windows (albeit windows manufactured by a different entity).[3] In our view, Judge Norton's experience in overseeing MDL No. 2333 is likely to benefit the parties here, and to otherwise facilitate the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of South Carolina are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable David C. Norton for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell         Charles R. Breyer
Sarah S. Vance              Ellen Segal Huvelle

---

[3] *See* 857 F. Supp. 2d at 1375 ("Plaintiffs in these actions allege that various windows manufactured by [MI Windows and Doors, Inc.] contain one or more defects that result in the loss of seal at the bead along the bottom of the glass, allowing water to enter the inside of the window and leak into structures owned by plaintiffs and putative class members.").

**IN RE: PELLA CORPORATION ARCHITECT AND
DESIGNER SERIES WINDOWS MARKETING,
SALES PRACTICES AND PRODUCTS
LIABILITY LITIGATION**         MDL No. 2514

## SCHEDULE A

<u>Northern District of Illinois</u>

Gurvinder Pal Singh v. Pella Corporation, C.A. No. 1:13-08226

<u>Eastern District of Louisiana</u>

Christy Andrews, et al. v. Pella Corporation, et al., C.A. No. 2:13-00344

<u>District of Nevada</u>

Mirta Biel-Walters, et al. v. Pella Corporation, C.A. No. 3:13-00553

<u>Northern District of New York</u>

John Romig, Jr. v. Pella Corporation, et al., C.A. No. 5:13-00849

<u>District of Oregon</u>

Pete Arnold v. Pella Corporation, C.A. No. 6:13-01752

<u>Eastern District of Pennsylvania</u>

Philip Adler, et al. v. Pella Corporation, C.A. No. 2:13-06333